UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROMAN L. FRENCH,

    Petitioner,

    v.      CAUSE NO. 3:25-CV-212-JTM-JEM

WARDEN,

    Respondent.

OPINION and ORDER

Roman L. French, a prisoner without a lawyer, filed a habeas petition challenging a prison disciplinary hearing (MCF-24-9-3914) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a demotion in credit class. French argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support a finding of guilt. He notes that the administrative record did not contain any photographs or video recordings of the weapon.

According to the Seventh Circuit Court of Appeals, "the findings of a prison disciplinary board [need only] have the support of *some evidence* in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis added). Further, "even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some

evidence is not much, it still must point to the accused's guilt." *Id.* It is not the court's province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Id.*

The Indiana Department of Correction Manual of Policies and Procedure defines possession as follows:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, an incarcerated individual is presumed to be responsible for any property, prohibited property, or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an incarcerated individual's control include, but are not limited to the door track, window ledge, ventilation unit, plumbing and the incarcerated individual's desk, cabinet/locker, shelving, storage area, bed and bedding materials in their housing assignment and the desk, cubicle, work station and locker in their work, educational or vocational assignment.

(DE # 13-16 at 6.)

The administrative record in this case includes a conduct report in which Lieutenant Shafer represented that he searched the bottom bunk in the cell assigned to French and found a makeshift knife in the mattress. (DE # 13-1.) Lieutenant Shafer further represented that the makeshift knife belonged to French. (*Id.*) While the administrative record is not particularly robust, a conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report adequately suggests that French possessed a weapon as defined by departmental policy. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

French also argues that he is entitled to habeas relief due to various violations of departmental policy, including the failure to hold a timely hearing, the failure to timely respond to his administrative appeal, and the failure to timely provide him with the summary of body camera footage. Significantly, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these arguments are not a basis for habeas relief.

Next, French argues that he is entitled to habeas relief because correctional staff denied his requests for the following articles of evidence: (1) body camera footage of Lieutenant Shafer; (2) body camera footage of other correctional officers; (3) surveillance camera footage; and (4) a statement from his cellmate. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The parties do not dispute that French requested body camera footage from Lieutenant Shafer at screening. (DE # 13-2.) Correctional staff denied the request on the basis that the body camera was not activated; in other words, there was no responsive

3

footage. (DE # 13-6.) French argues that the body camera should have been activated and recorded pursuant to departmental policy. French did not submit this policy as an exhibit,[1] but, even if he had, the court finds that the policy alone would be insufficient to genuinely dispute the representation that body camera footage from Lieutenant Shafer did not exist.

With respect to the other three articles of evidence, the Warden argues that French did not request them prior to the hearing, relying on the absence of requests in the administrative record. French submits a statement that he gave his requests for evidence to Counselor Floyd and that she placed them in the screening officer's mailbox. (DE # 1-1 at 11.) The statement appears to be initialed by Counselor Floyd. (*Id.*) Further, on administrative appeal, French represented that he had submitted these requests one week before the hearing. (DE # 13-13 at 4.) When French told the hearing officer about these requests, the hearing officer asked the screening officer about them, and the screening officer said that she had not reviewed them. (*Id.*) When French asked for a continuance, the hearing officer refused. *Id.* Based on this record, the court finds a genuine dispute as to whether French requested this evidence.

The court next considers whether this factual dispute is material. Notably, harmless error analysis applies to denial of evidence claims. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary

---

[1] French also invited the court to review the policy on the website for the Indiana Department of Correction, but a policy pertaining to body cameras does not appear to be available on the website. *See* https://www.in.gov/idoc/policies-and-statistics/policies/.

4

proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). According to French, the requested evidence would show that the makeshift knife belonged to his cellmate. The Warden suggests that any denial would amount to harmless error because more than one inmate can possess the same knife. It is true that more than one inmate could possess the same knife, particularly given the department's definition of possession. However, this argument is not sufficient to persuade the court that the alleged denial of evidence amounts to harmless error. *See United States v. Jett*, 982 F.3d 1072, 1078 (7th Cir. 2020) ("To prove harmless error, the government must be able to show that the Guidelines error did not affect the district court's selection of the sentence imposed."); *United States v. Williams*, 493 F.3d 763, 766 (7th Cir. 2007) ("The test is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."). Evidence that French did not know about the knife (or have anything to do with the knife other than being in the same cell with it) might have motivated the hearing officer to interpret the definition of possession more narrowly or to impose lesser sanctions on French.

Consequently, the court finds that a genuine dispute of material fact exists regarding whether, prior to the hearing, French requested surveillance camera footage, a statement from his cellmate, and camera footage from correctional staff other than Lieutenant Shafer. Therefore, the court must conduct an evidentiary hearing to resolve these factual disputes.

In preparation for the evidentiary hearing, the court **ORDERS** French and the Warden to separately prepare and file brief status reports, by **November 24, 2025**. The

status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

**SO ORDERED.**

Date: October 24, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT