UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROMAN L. FRENCH,

    Petitioner,

    v.                                  CAUSE NO. 3:25-CV-212-JTM-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

Roman L. French, a prisoner without a lawyer, filed a habeas petition challenging a prison disciplinary hearing (MCF-24-9-3914) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a demotion in credit class. On October 24, 2025, the court found a genuine dispute of material fact with respect to French's denial of evidence claim and ordered the parties to prepare for an evidentiary hearing. (DE # 15.) The court also found that the other claims were meritless. *Id.*

In the pending motion to dismiss, the Warden argues that this case is moot because the sanctions were vacated and the disciplinary case is set for a rehearing. (DE # 16.) The Warden supports this argument with a letter from the Appeal Review Officer and credit time calculation printouts from the departmental inmate database. (DE ## 16-1, 16-2.) Consequently, the court finds that the claims raised in the petition are moot. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

In response, French argues that a correctional official should not get a second chance at conducting a proper disciplinary hearing, noting that he initiated this habeas case and that the court ordered the parties to prepare for an evidentiary hearing. However, he cites no legal authority for this argument, and the court is unaware of any valid reason for preventing correctional officials from curing any potential procedural deficiencies by holding a rehearing. Nor does the motion to dismiss strike the court as an inappropriate response to the court's prior order. French also asks the court to reconsider its findings on his other claims, but the court declines to revisit these claims because they are also rendered moot by the rehearing. Because the claims are moot, the court grants the motion and dismisses the habeas petition.

If French wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds that an appeal pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (DE # 16);

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Roman L. French leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Date: January 7, 2026

                                                    s/James T. Moody  
                                                    JUDGE JAMES T. MOODY  
                                                    UNITED STATES DISTRICT COURT